## JONES *a.* McCARL.

*New York Common Pleas; General Term, December,* 1858.

### STAY OF PROCEEDINGS.—LEVY.

The defendant perfected his appeal from a judgment of a justice's court, after execution had been issued, and when it was in a constable's hands; but before levy; he served a copy of his undertaking upon the plaintiff, though not upon the constable. After receiving the copy undertaking, the plaintiff directed the constable to levy.

*Held,* that the levy should be set aside, as made in bad faith.

Appeal from an order setting aside a levy on execution.

The facts are stated in the opinion.

BY THE COURT.*—DALY, J.—The ground upon which the levy was set aside was, that it was made in bad faith, at the instance of the plaintiff. An execution was handed to the constable on the 4th; on the 5th the defendant perfected an appeal; and a copy of the undertaking, the service of which upon the constable would have stayed all further proceedings upon the exe-

---

* Present, DALY, F. J., and BRADY and HILTON, JJ.

cution, was served upon the plaintiff, who immediately, that is, upon the afternoon of the 5th, the service upon him having been made at eleven o'clock in the morning, went to the constable and directed him to levy upon a horse in the possession of the defendant. This was a course of proceeding which the court should not sanction. The plaintiff had security for his judgment approved by the court, and with the knowledge of that fact he sought to perfect a levy upon the defendant's property before a copy of the undertaking was served upon the constable. By so doing he subjected the defendant to the expense of the levy, which involved the keeping of the horse in the hands of the constable until the appeal was decided (Smith *a.* Allen, 2 *E. D. Smith's C. P. R.*, 259), while, at the same time, the plaintiff had his judgment secured upon appeal. The court should discountenance such a course as this, and I think the judge below did right in setting aside the levy. The order appealed from should be affirmed.

## PEARSON *a.* FISKE.

*New York Common Pleas; General Term, December,* 1858.

### APPEAL.—FINDING UPON QUESTION OF FACT.—EXCEPTION.

Where the testimony upon an issue of fact is conflicting, the court will never interfere with the finding upon the issue, unless they are convinced that it must have been induced by partiality, prejudice, or corruption, or was the result of obvious mistake.

An objection to a question as leading must be put upon that specific ground, otherwise it is not available upon review on appeal.

Confirmation of the report of a referee.

The facts are stated in the opinion.

BY THE COURT.*—DALY, J.—After a careful perusal of the testimony, we are of opinion that we cannot interfere with the

---

* Present, DALY, F. J., and BRADY and HILTON, JJ.